SCHOTT, Chief Judge,
dissenting:
The issues discussed in the majority opinion can be better addressed in an application for post-conviction relief than on appeal.
The record is not sufficient for us to rule 'on defendant’s allegations. He bases his argument in part on facts he says should have been brought out by his counsel. These supposed facts may not exist. His counsel may have been aware of some of the items defendant now says should have been brought out, and counsel may have made a sound tactical decision not to use the information. His counsel may have concluded also that it was not in defendant’s best interest for him to testify about certain facts which defendant now says should have been brought out in his testimony. Finally, as to some of defendant’s charges that counsel made certain mistakes these items may have been discussed between him and counsel and a mutual decision made not to use them.
One purpose of a post-conviction relief hearing is to enable the trial judge to take the testimony of the defendant and counsel, to consider other relevant evidence and to make credibility evaluations and findings. Such hearing would be a more appropriate forum for an evaluation of defendant’s arguments than this court’s appellate review of this trial.
Accordingly, I would affirm the conviction.